Gary R. Selvin, State Bar No. 112030
E-mail:  gselvin@selvinwraith.com
Nancy J. Strout, State Bar No. 121096
E-mail:  nstrout@selvinwraith.com
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:  (510) 874-1811
Facsimile:   (510) 465-8976

Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| ARAMAIS PARONYAN and NATELLA LALABEKYAN,<br><br>Plaintiffs,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, a Delaware corporation,<br><br>Defendant. | CASE NO. CV12-07290 JFW (AJWx)<br><br>*Assigned to Hon. John F. Walter*<br>*Discovery Magistrate Hon. Andrew J. Wistrich*<br><br>**DEFENDANT LEXINGTON INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND (3) NEGLIGENCE**<br><br>Complaint Filed:  March 7, 2012<br><br>Pre-Trial Conference: June 7, 2013<br>Trial Date: June 25, 2013 |
|---|---|

Defendant LEXINGTON INSURANCE COMPANY, ("Defendant") answers the complaint of Plaintiffs ARAMAIS PARONYAN and NATELLA LALABEKYAN ("Plaintiffs") as follows:

### RESPONSE TO GENERAL ALLEGATIONS

1. Defendant denies the allegations set forth in paragraph 1 of the complaint.

2. Defendant denies the allegations set forth in paragraph 2 of the complaint.

///

1

**Lexington's Answer to Plaintiffs' Complaint**
**CASE NO. CV12-07290 JFW (AJWx)**

**RESPONSE TO THE PARTIES**

3. Defendant is without sufficient information and belief to admit the allegations set forth in paragraph 3 of the complaint and therefore they are denied.

4. Defendant admits the allegations set forth in paragraph 4 of the complaint.

5. The Defendant is without sufficient information and belief to admit the allegations set forth in paragraph 5 of the complaint and they are therefore denied.

**RESPONSE TO JURISDICTION AND VENUE**

6. Defendant admits the allegations set forth in paragraph 6 of the complaint regarding jurisdiction and venue, however Defendant denies it committed any wrongful acts.

**RESPONSE TO THE INSURANCE POLICY**

7. Defendant admits the allegations of paragraph 7 of the complaint regarding the effective dates of the insurance policy and that policy provided coverage for direct physical loss and addition living expenses, but subject to the policy terms and not otherwise excluded. Defendant avers the policy is the best evidence. With regard to the other allegations set forth in paragraph 7 Defendant denies.

**RESPONSE TO THE ORIGINAL LOSS**

8. Defendant admits that Plaintiffs reported a water loss in February 2006. Defendant denies the rest of the allegations set forth in paragraph 8 of the complaint.

**RESPONSE TO THE ADDITIONAL LOSS *CAUSED* BY LEXINGTON**

9. Defendant denies the allegations set forth in paragraph 9 of the complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the complaint.

11. Defendant denies the allegations set forth in paragraph 11 of the complaint.

**RESPONSE TO BREACHES BY LEXINGTON**

12. Defendant denies the allegations set forth in paragraph 12 of the complaint.

2

**Lexington's Answer to Plaintiffs' Complaint**

**CASE NO. CV12-07290 JFW (AJWx)**

13. Defendant admits that it denied the then pending portions of the claim on March 24, 2011. Defendant denies the remaining allegations set forth in paragraph 13 of the complaint.

**RESPONSE TO PERFORMANCE BY PLAINTIFFS**

14. Defendant denies the allegations set forth in paragraph 14 of the complaint.

**RESPONSE TO TOLLING OF PERIODS OF LIMITATIONS AND TIMELINESS OF CLAIM**

15. Defendant admits that insurance claims are tolled during adjustment under California law. Defendant admits that it wrote to Plaintiffs on March 24, 2011 and that the letter included the quoted sentence but avers the letter is the best evidence.

16. Defendant denies the allegations set forth in paragraph 16 of the complaint.

**RESPONSE TO FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

17. Defendant incorporates its responses to paragraphs 1 through 16 of the complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the complaint.

**RESPONSE TO SECOND CAUSE OF ACTION FOR TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

20. Defendant incorporates its responses to paragraphs 1 through 16 and 18 through 19 of the complaint.

21. Defendant generally admits the allegations set forth in paragraph 21 of the complaint, but alleges this is a legal contention, and only a partial statement of the rights, duties, and obligations of the parties.

22. Defendant denies the allegations set forth in paragraph 22 of the

1 complaint.

2     23.    Defendant denies the allegations set forth in paragraph 23 of the
3 complaint.

4     24.    Defendant denies the allegations set forth in paragraph 24 of the
5 complaint.

6     25.    Defendant denies the allegations set forth in paragraph 25 of the
7 complaint.

### RESPONSE TO THIRD CAUSE OF ACTION FOR NEGLIGENCE

26. Defendant incorporates its responses to paragraphs 1 through 16, 18 through 19 of the complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the complaint, and further alleges this is a legal statement and a misstatement of California law.

28. Defendant denies the allegations set forth in paragraph 28 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

As and for a first affirmative defense, the complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

As and for a second affirmative defense, Defendant alleges that the complaint, each cause of action therein, and the claims for damages, are barred by the policy terms, conditions, exclusions and limitations, including but not limited to the mold exclusions and limitations and collapse exclusions and limitations.

### THIRD AFFIRMATIVE DEFENSE

As and for a third affirmative defense, Defendant alleges that the complaint, each cause of action therein, and the claims for damages, are barred by the policy terms, conditions, exclusions and limitations, including but not limited to, the exclusions applying to (a) wear and tear, marring, deterioration; (b) mechanical

breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself; (c) dry rot; or (d) settling, shrinking, bulging or expansion, including resultant cracking of pavements, patios, foundations, walls, floors, roofs or ceilings.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth affirmative defense, Defendant alleges that the complaint, each cause of action therein, and the claims for damages, are barred by the policy terms, conditions, exclusions and limitations, including but not limited to, the exclusions applying to ordinance or law, earth movement, water damage, neglect, weather conditions, faulty, inadequate or defective design, specifications, workmanship; maintenance, materials used in repair, construction and renovation or remodeling.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth affirmative defense, Defendant alleges that the complaint, each cause of action therein, and the claims for damages, are barred because the loss occurred outside the policy period.

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth affirmative defense, Defendant alleges that the complaint, each cause of action therein, and the claims for damages are barred because the complaint was filed beyond the limitations period in the policy.

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh affirmative defense, Defendant alleges the cause of action for breach of the covenant of good faith and fair dealing is barred by the genuine dispute doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth affirmative defense, Defendant alleges that the Plaintiffs have breached the conditions within the policy.

///

### NINTH AFFIRMATIVE DEFENSE

As and for a ninth affirmative defense, Defendant alleges that any recovery for negligence be reduced by the Plaintiffs' comparative fault.

### TENTH AFFIRMATIVE DEFENSE

As and for a tenth affirmative defense to each cause of action of the complaint, Plaintiffs failed to mitigate his damages.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for an eleventh affirmative defense to each cause of action of the complaint, Plaintiffs have waived and/or are estopped from alleging the matters set forth in said complaint.

### TWELFTH AFFIRMATIVE DEFENSE

As and for an twelfth affirmative defense to each cause of action of the complaint, Plaintiffs' damages, if any, were caused by the Plaintiffs or third parties for whose conduct Defendant is not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for an thirteenth affirmative defense to each cause of action of the complaint, Defendant has paid sums to Plaintiffs which are not and were not covered by the policy, and Plaintiffs' recovery, if any, must be reduced or subject to offset the extent of said payments.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for an fourteenth affirmative defense to each cause of action of the complaint, Plaintiffs' damages, if any, were caused by the Plaintiff or third parties for whose conduct Defendant is not responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth affirmative defense, Defendant states that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be

1  appropriate.

2      WHEREFORE, this answering Defendant prays for judgment as follows:

3      1.    That Plaintiffs take nothing;

4      2.    For costs of suit incurred herein; and

5      3.    For such other and further relief as the Court deems just and proper.

6  Dated: November 21, 2012    SELVIN WRAITH HALMAN LLP

By: /s/ Gary R. Selvin
    Gary R. Selvin
    Nancy J. Strout
    Attorneys for Defendant
    LEXINGTON INSURANCE COMPANY

116943.doc

**Lexington's Answer to Plaintiffs' Complaint**

**CASE NO. CV12-07290 JFW (AJWx)**